UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

LAVAR DEMETRIUS BOYD,

    Defendant.
_____/

Case No. 19-cr-20502

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA [#42] AND DENYING DEFENDANT'S RENEWED MOTION FOR RELEASE ON BOND [#43]**

**I. INTRODUCTION**

On July 25, 2019, Defendant Lavar Demetrius Boyd was charged in a criminal complaint for one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and two counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). ECF No. 1, PageID.1. Defendant was subsequently charged in an indictment with one count under § 922(g)(1) and one count under § 841(a)(1). ECF No. 11, PageID.17-18. Defendant was arraigned on the Indictment and consented to detention on August 1, 2019. ECF No. 17, PageID.29. On November 18, 2019, Defendant pled guilty to one count under § 922(g)(1) pursuant to a Rule 11 Agreement. ECF No. 25, PageID.57.

1

Presently before the Court is Defendant's Motion to Withdraw Guilty Plea and Defendant's Renewed Motion for Release on Bond, both filed on May 18, 2020. ECF Nos. 42, 43. The Government filed a Response in Opposition to the Bond Motion on May 26, 2020, and Defendant filed his Reply on May 29, 2020. ECF Nos. 44, 47. The Government filed a Response in Opposition to the Withdrawal Motion on June 5, 2020. ECF No. 48. Defendant did not file a Reply. A hearing on this matter was held on July 2, 2020. For the reasons that follow, the Court will DENY Defendant's Motion to Withdraw Guilty Plea [#42] and DENY Defendant's Renewed Motion for Release on Bond [#43].

## II. BACKGROUND

### A. Defendant's Background

Defendant Lavar Boyd is thirty-seven years old and a lifelong resident of southeast Michigan. Over the past five years, Boyd has resided "off and on" at his mother's house in Detroit, his son's mother's home in Detroit, and his own residence in Highland Park. Defendant and his fiancée, Shareese Massenberg, have a two-year-old son who lives in Detroit with Massenberg. Boyd also has an eleven-year-old son who resides in Farmington Hills. Defendant has worked "off and on" at Provision Health Care in Troy, Michigan over the past five years.

Defendant states that he suffers from sleep apnea, high blood pressure, asthma, obesity, and bronchitis, and may also be in the early stages of Crohn's

2

disease. He does not report the use of any medications for his physical conditions or any history of mental health illness.

Boyd reports that he has used Xanax and Percocet daily for the past five years and has used heroin two to three times per week. He also states that he has used cocaine daily for the past fifteen years and drinks a pint to a fifth of liquor twice a week. Defendant completed a thirty-day inpatient treatment program in March 2018 and an eight-week outpatient treatment program in September 2018.

Defendant has a history of several arrests and outstanding warrants beginning at the age of thirteen. The majority of Boyd's convictions are misdemeanors for possession of controlled substances or operating a vehicle on a suspended license. In 2002, Defendant pled guilty to two counts of felony armed robbery and one count of felony firearm possession and was sentenced to 3-to-15 years before being released on parole in 2017. He absconded from parole supervision at least twice in 2018. Defendant has three outstanding warrants: one for a parole violation with the Michigan Department of Corrections, and two for failures to appear in the 36th District Court.

### B. The Present Offense

On July 12, 2019, federal and local law enforcement executed a search warrant at Boyd's residence on Russell Street in Detroit, Michigan. ECF No. 25, PageID.57. Defendant was present at the residence and was found in the first-floor bedroom. *Id.*

at PageID.58. As they searched the room, law enforcement found a Colt Trooper MKII revolver located in the ceiling tiles. *Id.* Boyd allegedly had dominion over the firearm, which was manufactured outside of the state of Michigan and was also reported stolen. *Id.* Additionally, a search of the same bedroom purportedly revealed "approximately 22 grams of crack cocaine, 6.5 grams of heroin, 28 grams of various pills including oxycodone, . . . over a gram of cocaine[,]" and almost 12 grams of marijuana, as well as a digital scale found in Boyd's dining room. ECF No. 44, PageID.155.

Defendant was arrested pursuant to a federal criminal complaint that charged him with one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and two counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). *See* ECF No. 1. Defendant was subsequently charged in an indictment with one count under § 922(g)(1) and one count under § 841(a)(1). ECF No. 11, PageID.17-18. Defendant was arraigned on the Indictment and consented to detention on August 1, 2019. ECF No. 17, PageID.29. On November 18, 2019, Defendant pled guilty to one count of felon in possession of a firearm in violation of § 922(g)(1). ECF No. 25, PageID.57.

On February 25, 2020, Defendant filed a motion for the withdrawal of his attorney, Coral M. Watt. *See* ECF No. 32. This Court ordered the Federal Community Defender to appoint new counsel to represent Defendant in his case.

4

*See* ECF No. 36. Current counsel Christopher W. Quinn, II accepted appointment on March 4, 2020. Thereafter, this Court granted Defendant's request to withdraw Ms. Watt as counsel on March 11, 2020. *See* ECF No. 37. Defendant has not yet been sentenced by this Court.

### III. DISCUSSION

Defendant moves to withdraw his guilty plea and alleges ineffective assistance of counsel by his former counsel, Ms. Watt. Defendant also moves for his release on bond because of his professed innocence and pre-existing medical conditions that make him susceptible to serious illness from COVID-19. Each motion is addressed in turn below.

#### A. Motion to Withdraw Guilty Plea

Defendant argues that he should be permitted to withdraw his November 18, 2019 guilty plea because "he felt taken advantage of" by his prior counsel Ms. Watt and "that under her leadership and influence he signed the Rule 11 plea agreement." ECF No. 42, PageID.132. The Government opposes this Motion, asserting that Boyd has not provided a justifiable basis to warrant the withdrawal of his plea.

"It is well settled that the withdrawal of a guilty plea prior to sentencing is not an absolute right but is a matter within the broad discretion of the district court." *United States v. Spencer*, 836 F.2d 236, 238 (6th Cir. 1987) (quoting *United States v. Kirkland*, 578 F.2d 170, 172 (6th Cir. 1978)). To prevail on such a motion, the

5

defendant must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The Sixth Circuit has identified a non-exclusive list of factors that courts should consider when determining whether a defendant has met his burden:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006). Importantly, no single factor controls. *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008). Rather, "[t]he relevance of each factor will vary according to the 'circumstances surrounding the original entrance of the plea as well as the motion to withdraw.'" *Id.* (quoting *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987)).

Here, none of the *Ellis* factors weigh in favor of relief for Defendant. *See* 470 F.3d at 281. With respect to the first factor—the amount of time between the plea and the motion to withdraw—Defendant waited almost six months to file the instant Motion. *See* ECF No. 48, PageID.215. The Sixth Circuit has affirmed decisions to deny motions to withdraw guilty pleas based on far shorter delays. *See, e.g.*, *United States v. Durham*, 178 F.3d 796, 799 (6th Cir. 1999) (77-day delay); *United States*

6

*v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (55-day delay); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (5-week delay).

The Government concedes that the delay may be due in part to Defendant's change in counsel. This fact also implicates the second *Ellis* factor, which looks at whether a valid reason exists for the defendant's failure to move for withdrawal earlier in the proceedings. The Government notes, however, that Boyd did not indicate there was an issue with his plea until he submitted a letter dated January 27, 2020. ECF No. 48, PageID.215. Even after the new appointment of counsel in early March, Defendant did not file the present motion until May 18, 2020. Under Sixth Circuit precedent, significant time has passed since the plea and the motion to withdraw it, and neither the first nor second *Ellis* factor weighs in favor of Defendant.

The third factor also weighs against relief here. Boyd now asserts his innocence and "specifically denies that the firearm that was recovered in the instant case belongs to him," contrary to his admittance of guilt at the plea hearing. ECF No. 42, PageID.132. In his Rule 11 Agreement, Defendant acknowledged that the firearm was reported stolen. ECF No. 25, PageID.58. The issue, therefore, is not the ownership of the firearm, but the possession of it. Boyd admitted during his plea hearing that the firearm was accessible to him in his home, suggesting that he, at the very least, constructively possessed it. ECF No. 48, PageID.216. With the

7

information provided in his Motion, Defendant has not demonstrated that withdrawal is warranted under the third factor.

The fourth *Ellis* factor asks the Court to consider the circumstances underlying the entry of the guilty plea in the present case. At the Defendant's plea hearing, not only did the Court advise Defendant of his constitutional rights, but Defendant also acknowledged that he was entering his guilty plea both knowingly and voluntarily. *See* ECF No. 41, PageID.123. Consequently, this factor weighs against relief.

As to the fifth factor, Boyd does not allege that anything in his nature or background provides justification for the withdrawal of his guilty plea. To the contrary, the Government notes that Defendant was thirty-six years old at the time of his plea, had completed his GED and taken college-level courses, and denied any mental health problems. *See* ECF No. 48, PageID.217. While Defendant's record suggests a history of substance abuse, he denied being under the influence of any drugs, medications, or alcohol during his plea hearing. *See* ECF No. 41, PageID.120. Further, the Court made specific findings that Defendant was fully competent and capable of entering an informed plea, and that he was aware of the nature of the charges and consequences of the plea. *See id.* at PageID.127-128. This factor therefore weighs against relief as well.

The sixth factor, which considers the degree to which Boyd has prior experience with the criminal justice system, likewise weighs against relief.

8

Defendant has been charged with and has pled guilty to two felony crimes and at least four misdemeanor offenses. This experience tends to show that he is familiar with the criminal justice system and the consequences of a guilty plea. *See United States v. Benton*, 639 F.3d 723, 727-28 (6th Cir. 2011) ("Benton's present positive endeavors do not erase his prior experience with the criminal justice system, which tends to show that Benton was intimately familiar with the system and was aware of the ramifications of entering his guilty plea.").

Finally, the Government does not proffer an argument regarding potential prejudice if withdrawal is granted, instead asserting that Boyd has failed to meet his burden on the preceding six factors. Because the Government is not required to address this factor "until the defendant advances and establishes a fair and just reason for allowing the withdrawal," the Court need not address how Defendant's requested relief would potentially prejudice the Government. *Benton*, 639 F.3d at 729.

Defendant has failed to demonstrate how any of the relevant factors indicate that withdrawal of his guilty plea is warranted at this time. Accordingly, the Court will deny Defendant's Motion to Withdraw Guilty Plea [#42].

### A. Renewed Motion for Bond

Boyd has also moved for his release on bond under 18 U.S.C. § 3145, citing both his request to withdraw his guilty plea and the heightened risk of severe illness posed by COVID-19. However, as the Court has denied Defendant's request to

withdraw his guilty plea, this motion is no longer properly brought under 18 U.S.C. § 3145, as it addresses pre-trial motions for bond. The Court will instead construe Defendant's motion as a request for revocation of his detention order pending sentencing under 18 U.S.C. § 3143.

Generally, a defendant requesting revocation of a detention order must remain detained "unless the [Court] finds by clear and convincing evidence that [he] is not likely to flee or pose a danger to the safety of any other person or the community[.]" 18 U.S.C. § 3143(a). A defendant therefore "bears the burden of rebutting the presumption of detention." *United States v. Parrett*, 486 F. App'x 544, 548 (6th Cir. 2012) (citing Fed. R. Crim. P. 46(c)).

Defendant focuses most of his argument on his particular susceptibility to COVID-19 due to his pre-existing medical conditions, including asthma, high blood pressure, and obesity. *See* ECF No. 47, PageID.206. The Midland County Jail medical records provided by the Government confirm these conditions. *See* ECF No. 45-1, PageID.173. Boyd argues that his conditions, coupled with the outbreaks in carceral facilities and the lack of drugs to treat the virus, amount to a violation of his Fifth and Eighth Amendment rights. *Id.*

Defendant claims that facilities such as the Midland County Jail "are crowded with unsanitary conditions, poor ventilation, lack of adequate access to hygienic materials/cleaning supplies such as soap and water or hand sanitizers, and offer poor

nutrition." ECF No. 43, PageID.143. The Government responds to this argument, however, by noting that "[t]o date, there are no known or reported cases of coronavirus in Midland County Jail[.]" ECF No. 44, PageID.163. The Court also takes notice of the specific measures that the administrators and staff at Midland County Jail have established to minimize transmission of COVID-19, including a pre-screening process with temperature checks for new inmates; mandatory quarantine for new inmates; more frequent cleaning; and increased medical staff onsite every day. *See id.* at PageID.164. While Boyd raises concerns about the potential of COVID-19 transmission in jails and prisons, Defendant's arguments do not demonstrate how he is at a significantly increased risk of exposure compared to all other inmates in Midland County Jail and around the nation.

Additionally, Defendant claims that he is not a flight risk because he could return to his residence in Detroit, and his "family ties are conducive to his desire to continue gainful employment . . . which would further tie Mr. Boyd to this area[.]" ECF No. 47, PageID.205. Boyd goes on to state that any risk of danger to the community would be negated by court-implemented measures such as a curfew, tether, or home confinement. *Id.*

Defendant's arguments are unpersuasive in light of his past behavior and the potential danger risk he poses to the community. There are at least three occasions—with the most recent in 2018—where Boyd absconded from his parole supervision

for his prior armed robbery conviction. Additionally, for the present offense, Defendant was found in his residence purportedly possessing both a stolen firearm and controlled substances. These facts do not establish clear and convincing evidence that Defendant is unlikely to pose a danger to the safety of other individuals or his community at this time. *See* 18 U.S.C. § 3143(a).

### IV. CONCLUSION

Accordingly, for the reasons articulated above, the Court will **DENY** Defendant's Motion to Withdraw Guilty Plea [#42] and **DENY** Defendant's Renewed Motion for Release on Bond [#43].

**IT IS SO ORDERED.**

    s/Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: July 7, 2020

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 7, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager