UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAVAR DEMETRIUS BOYD,

      Petitioner,

vs.

      Criminal Case No. 19-20502
      Civil Case No. 21-12090
      HON. GERSHWIN A. DRAIN

UNITED STATES OF AMERICA,

      Respondent.

## ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE PURSUANT TO 28 U.S.C. § 2255

### I. INTRODUCTION

On November 18, 2019, Petitioner pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At sentencing, the Court found Petitioner's advisory guideline range to be 57 to 71 months, which matched the agreed-upon guideline range in the negotiated Rule 11 Plea Agreement that Petitioner signed. The Court sentenced Petitioner to 54 months' imprisonment, a three-month downward variance from the bottom of Petitioner's advisory guidelines range.

Presently before the Court is the Petitioner's Motion to Vacate

Sentence Pursuant to 28 U.S.C. § 2255. The Government filed a Response on October 8, 2021. For the reasons that follow, the Court denies Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255.

## II.  FACTUAL BACKGROUND

On July 10, 2019, law enforcement executed a search warrant at Petitioner's residence in Detroit, Michigan. At the time of the search, the Michigan Department of Corrections (MDOC) listed Petitioner as having absconded from parole on December 7, 2018. Petitioner was on parole for an armed robbery conviction from 2002.

Petitioner was present at the residence and was found in the first-floor bedroom. As they searched the bedroom, officers found a Colt Trooper MKII revolver located in the ceiling tiles. Additionally, officers recovered approximately 22 grams of crack cocaine, 6.5 grams of heroin, 28 grams of various pills including oxycodone, over a gram of cocaine, and nearly 12 grams of marijuana. A digital scale was also found in the dining room.

Petitioner was charged by Indictment with one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) and one

count of possession with intent to distribute a controlled substance under 21 U.S.C. § 841(a)(1).

In November of 2019, Petitioner pleaded guilty pursuant to a Rule 11 Plea Agreement to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On December 28, 2020, the Court sentenced Petitioner to 54 months' imprisonment to be followed by 24 months of supervised release.

### III. LAW & ANALYSIS

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. In order for Petitioner to prevail under § 2255, he must "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). An action under § 2255 mandates that the district court grant a hearing "unless the motion and the files and records of the case

conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255.

### A. Procedural Default

The Government first argues that Petitioner's claims are procedurally defaulted because he failed to raise them on direct appeal. A federal habeas petitioner who fails to raise claims on direct appeal is required to demonstrate both cause and prejudice to excuse procedural default. *Murray v. Carrier*, 477 U.S. 478, 485 (1986). However, because Petitioner's present claims lack merit, the Court need not resolve the procedural default issue. *See Falkiewicz v. Grayson*, 271 F. Supp.2d 942, 948 (E.D. Mich. 2003); *see also Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) ("[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits.").

### B. Merits

Petitioner's raises one central claim—that his state term of parole was improperly extended beyond its expiration. He maintains that his state parole term should have expired on November 14, 2018, that he was not charged with a violation or served with a notice of violation

4

prior to November of 2018, and that the Michigan Parole Board improperly extended his parole date to December 2, 2019. Petitioner's claims amount to a challenge to the scoring of his advisory guidelines range. He complains that his parole status "raised the criminal history points," and requests that the Court "remove the 2-level enhancement of status points for being on an active sentence, which will drop the criminal history points to 3." This claim is not cognizable under § 2255.

Here, even if the two-level criminal history enhancement under U.S.S.G. § 4A1.1(d) was incorrectly applied, a claim for misapplication of an advisory guideline range is not cognizable under §2255. *Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018). A defendant "cannot use a § 2255 motion to vindicate non-constitutional challenges to advisory guidelines calculations." *Id.* The petitioner in *Snider* argued that he was incorrectly classified as a career offender under the sentencing guidelines. *Id.* at 185. The Sixth Circuit explained that "[a]lthough the career designation may have affected the ultimate sentence imposed, it did not affect the lawfulness of the [sentence] itself—then or now." *Id.* at 191. Like *Snider*, although the two-level criminal history enhancement under U.S.S.G. § 4A1.1(d) impacted his

5

ultimate sentence, it did not affect the lawfulness of Petitioner's sentence.

Petitioner fails to provide any factual support to warrant a hearing. Petitioner "must set forth facts which entitle him to relief. Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961); *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972 (finding no evidentiary hearing warranted where habeas petitioner "supplied no factual material upon which to test the validity of his conclusions . . . ."). Absent from Petitioner's present motion is any documentary evidence contradicting that Petitioner was on parole at the time of the offense.

In any event, the issue of whether the parole board had jurisdiction to extend Petitioner's parole is a question of state law. A violation of state law is not a basis for relief under § 2255. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Moreover, Michigan courts have held that the parole board can extend the parole period without a hearing. *See Lane v. Mich. Dep't of Corr., Parole Bd.*, 383 Mich. 50, 173 N.W.2d 209, 211 (Mich. 1970); *see also In re Wayne Cnty. Prosecutor*,

232 Mich. App. 482, 591 N.W.2d 359, 361 (Mich. Ct. App. 1998)("Although the statutes no longer expressly so provide, the length of the parole period is generally discretionary with the Parole Board."). Similarly, several courts have held that, because there is no liberty interest in early release on parole, then, by extension, there is no liberty interest in full release upon the expiration of a parole order. *See Hulvey v. Sampson*, No. 1:10=cv-122, 2010 U.S. Dist. LEXIS 125282, at *2 (W.D. Mich. Nov. 1, 2010) ("Because Plaintiff has no liberty interest in parole, he cannot challenge the procedures by which his term of parole was extended."). As such, the parole order created a mere expectancy of release at the end of the specified parole term. It did not further constrain the parole board's ability to dictate the length of Petitioner's parole, such that he was automatically entitled to release when the term expired.

    Moreover, release is expressly conditioned on full compliance with the terms of the parole order. Prior to the charges in this case, Petitioner had at least four parole absconsions as well as multiple parole violations that resulted in him returning to custody. The parole absconsions and returns-to-custody offer support for why Petitioner's

7

parole term was extended beyond November 14, 2018—the date Petitioner expected his parole term to expire.

Finally, Petitioner presented these arguments about his state parole term to this Court at sentencing in December of 2020. Defense counsel advised the Court that Petitioner believed he should not receive "the two points" for being on parole because his position was that "his parole had already been terminated or max'd out prior to the instant offense." ECF No. 62, PageID.311. The Court pointed out that the presentence investigation report noted that Petitioner's parole "was not terminated until December 1st of '19 and this offense occurred in the summer of '19" and concluded the two points for being on parole at the time of the offense were "appropriately scored." *Id.*, PageID.312.

### C. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1), an appeal may not be taken in a § 2255 proceeding unless a certificate of appealability has been issued to the movant. See Fed. R. App. P. 22(b) ("[I]n a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c).")

A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The "substantial showing of the denial of a constitutional right" standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Here, Petitioner has failed to explain why his claims are meritorious. Petitioner has not made the "substantial showing of the denial of a constitutional right" required to obtain a certificate of appealability because jurists of reason would not debate whether the petition should have been resolved in a different manner. *See* 28 U.S.C. § 2253(c)(2); *Slack*, 529 U.S. at 484.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Petitioner's Motion to Vacate Sentence [#60] is DENIED.

SO ORDERED.

Dated: June 17, 2024            /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 17, 2024, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager

10